## Case No. 856.

### BANK OF ALEXANDRIA v. WILSON.

[2 Cranch, C. C. 5.][1]

Circuit Court, District of Columbia. July Term, 1810.

NEGOTIABLE INSTRUMENTS — LIABILITY OF INDORSER—PROTEST—TIME OF NOTICE.

1. After an indorser is fixed by proper demand and notice, the neglect of a trustee to sell property conveyed to him as security for the notes, until by depreciation it becomes inadequate security, will not exonerate the indorser.

2. A protest which does not state that the notary-public informed the indorser that payment had been demanded and refused by the maker of the note, is not evidence of sufficient notice to charge the indorser.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

3. The day after the expiration of the three days of grace is soon enough to make the demand, and give notice; and it may be made by the notary's clerk who has possession of the note, with the plaintiff's assent.

[See Bank of Metropolis v. Walker, Case No. 903; Brent v. Coyle, Id. 1,837; Hill v. Norvell, Id. 6,497; Lenox v. Wright, Id. 8,249. The usage of the banks in the District of Columbia was changed in 1818 to conform to the general commercial usage. See Cookendorfer v. Preston, 4 How. (45 U. S.) 317; Adams v. Otterback, 15 How. (56 U. S.) 539.]

4. The indorsement of the note is evidence of money had and received by the defendant for the plaintiff's use, although the note was indorsed by the defendant for the accommodation of the maker.

At law. Assumpsit [by Bank of Alexandria] against [W. Wilson] the indorser of A. & W. Ramsay's note.

Mr. E. J. Lee, for the defendant, contended that A. & W. Ramsay, having given a deed of trust to Ludwell Lee, with a power of sale in case of the note laying over for a year, and that the trustee not having sold the property until it depreciated, so as to become inadequate security, the defendant, the indorser, was discharged, although he had regular notice of non-payment.

But THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that this was no defence.

The plaintiff then offered the protest, which stated that the notary-public had, on the 17th of October, 1805, (the three days grace expired with the 16th,) demanded payment from the maker, who did not pay, and from the indorser, who did not pay; but did not state that he informed the indorser that a demand had been made upon the maker, and payment refused.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the protest was not evidence of a sufficient notice. That the day after the expiration of the three days of grace was soon enough to make the demand and give notice. That a demand made by Alexander Moore, (a clerk of Cleon Moore, the notary-public,) he having possession of the note with a blank indorsement, with the assent of the plaintiff, was by a person sufficiently authorized to make the demand and give notice. That the indorsement of the note was evidence of money had and received by the defendant for the plaintiff's use, although the note was indorsed by the defendant for the accommodation of A. & W. Ramsay, who drew the money.

Verdict for the plaintiff.

Bills of exception were taken, but no writ of error prosecuted.